**Alfred DALESSANDRO,**
**Plaintiff–Appellant,**

v.

**Dr. James A. MONK and Brewster**
**Central School District,**
**Defendants–Appellees.**

**No. 261, Docket 88–7403.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 1988.
Decided Dec. 14, 1988.

Alfred Dalessandro, Katonah, N.Y., pro se.

Raymond G. Kuntz, Bedford Village, N.Y., for defendants-appellees.

Before KAUFMAN, OAKES, and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Alfred Dalessandro appeals *pro se* from a judgment of the District Court for the Southern District of New York (Constance Baker Motley, Judge) dismissing on summary judgment two claims of age discrimination pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–634 (1982). The District Court found that one claim was barred because of a settlement and the second claim was prematurely filed prior to the expiration of the required sixty-day waiting period following the filing of charges with the Equal Employment Opportunity Commission (EEOC). We agree that the first claim is barred and that the sixty-day waiting period renders appellant's second claim premature. But we hold that the appropriate disposition is to stay the suit pending expiration of the sixty-day period. We therefore reverse in part and remand.

Background

Appellant Dalessandro was a tenured guidance counselor for appellee Brewster Central School District ("the District"), where he worked since September 1962. After appellee Dr. James Monk became superintendent of schools for the District in 1979, the District made numerous supervisory evaluations of Dalessandro's work, and a number of negative reports were placed in his work file. Dalessandro, who was 57 in 1979, alleged that these negative evaluations were the result of his age. He filed charges of age discrimination with the New York State Division of Human Rights (DHR) and the EEOC on April 4, 1984.

On June 13, 1984, the District fired Dalessandro and initiated charges of incompetence and neglect of duty against him pursuant to N.Y.Educ. Law § 3020–a (McKinney 1981), which provides procedures for dismissal of tenured faculty for cause. On June 25, Dalessandro amended his charges to include a claim of retaliatory discharge.

At a hearing convened by the State Department of Education on November 21, 1984, Dalessandro and the District agreed to a stipulation of settlement. Dalessandro agreed to withdraw all of his pending age discrimination claims and to resign effective January 31, 1986. In return, the District agreed to pay Dalessandro for his accumulated sick leave plus $18,957.25 and to expunge his record.

Dalessandro sought to rescind the agreement almost immediately. He wrote a letter withdrawing his resignation on the very day of the settlement. But he received and deposited a check from the District for $13,177 on December 20, 1985. Neither side executed the general releases called for in the agreement, but the DHR and EEOC charges were withdrawn. Appellant endeavored to pursue his claim by filing a *pro se* age discrimination complaint in the District Court for the Southern District of New York on November 12, 1985, but that complaint was never served.

On January 23, 1986, the Lakeland School District ("Lakeland") hired Dalessandro as a guidance counselor. At the end of the day, however, he was discharged. The next day, appellant filed what he called an "amended charge" with the DHR and the EEOC. He purported to amend his June 25, 1984, charges by adding a claim that a Brewster District employee had caused his discharge by making negative comments to Lakeland about him in retaliation for appellant's charges against the Brewster District. Nineteen days later, on February 12, 1986, Dalessandro filed an amended complaint in the District Court, adding the allegation relating to his discharge by Lakeland. Plaintiff served the amended complaint.

Defendants moved for summary judgment, contending, among other grounds, that Dalessandro waived his ADEA claims in the November 21, 1984, settlement and that the filing of the February 12, 1986, complaint just nineteen days after the filing of charges with the DHR and EEOC violated 29 U.S.C. §§ 633(b) and 626(d),

which require that a plaintiff wait sixty days after filing such charges before commencing an ADEA action in federal court.

The District Court granted the motion. Judge Motley found that Dalessandro's original DHR and EEOC charges against the District had been withdrawn. As for the subsequent charge relating to the discharge by Lakeland, the District Judge ruled that the sixty-day waiting period after filing charges with the EEOC was a jurisdictional requirement and that plaintiff's premature filing barred his suit. The District Court ordered that all of the charges be dismissed.

## Discussion

■ We uphold the District Court's dismissal of appellant's original age discrimination charges covering the period of 1979 to 1984. Appellant agreed to withdraw these claims as part of a settlement agreement for which he received a substantial sum of money,[1] and his charges were withdrawn from both the DHR and EEOC. As the District Court notes, there is nothing in the record to suggest that Dalessandro sought to inform the agencies that he wished to rescind his withdrawal.

■ A major reason for the statutory requirement that a plaintiff file charges with the EEOC and corresponding state agencies before filing suit in federal court is to provide a period during which claims can be settled without resort to litigation. *See* H.R.Rep. No. 805, 90th Cong., 1st Sess. 5, *reprinted in* 1967 U.S.Code Cong. & Admin.News 2213, 2223. Once a plaintiff settles a claim and withdraws it from the EEOC, he may not then sue on the same claim in federal court.

■ The District Court found that Dalessandro's claim relating to his discharge by the Lakeland District in 1986 was also barred. We agree with the District Court that Dalessandro's complaint to the DHR and EEOC regarding the Lakeland firing could not amend or relate back to his original complaints against the Brewster District because those complaints were withdrawn.

■ We also agree with the District Court that Dalessandro may not proceed on his new claim based on the Lakeland firing before expiration of the sixty-day waiting period for action by the EEOC. *See* 29 U.S.C. § 626(d) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.").

As noted above, the sixty-day requirement provides for a period of conciliation during which the EEOC can seek to settle the dispute without litigation. It also allows the agency time to investigate a complainant's charge and, if it sees fit, to file its own suit superseding the employee's right to bring a private cause of action. *See Dempsey v. Pacific Bell Co.*, 789 F.2d 1451, 1452 (9th Cir.1986).

For these reasons, courts have uniformly held the sixty-day waiting period under section 626(d) to be a jurisdictional requirement for private plaintiffs.[2] *See id.; Vance v. Whirlpool Corp.*, 707 F.2d 483, 489 (4th Cir.1983) ("*Vance I*"), *supplemented*, 716 F.2d 1010 (1983) ("*Vance II*"), *cert. denied*, 465 U.S. 1102, 104 S.Ct. 1600, 80 L.Ed.2d 130 (1984); *Wright v. Tennessee*, 628 F.2d 949, 953 (6th Cir.1980) (in banc); *Reich v. Dow Badische Co.*, 575 F.2d 363, 367–68 (2d Cir.), *cert. denied*, 439

---

1. The District claims it paid Dalessandro all monies due him under the agreement. Dalessandro claims he received only $13,177, not the full $18,957.25 he agreed to, apparently because the District deducted taxes from the payment. Dalessandro contends that this was a breach of the agreement. Dalessandro did not state such a claim in his complaint in this action, however, nor would such a claim be a ground for rescinding the withdrawal of Dalessandro's complaints to the EEOC and DHR.

2. Two circuits have held that the EEOC is not barred from bringing an action against an employer prior to the expiration of the sixty-day period. *See Marshall v. Sun Oil Co.*, 605 F.2d 1331, 1337 n. 8 (5th Cir.1979); *Brennan v. Ace Hardware Corp.*, 495 F.2d 368, 376 (8th Cir. 1974).

U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978). If the District Court were to begin proceedings in a case before the sixty-day period expired, Congress's intent to promote conciliation would be thwarted.

Judge Motley was therefore correct that Dalessandro's suit may not proceed before expiration of the sixty-day waiting period. We hold, however, that the correct disposition was not to dismiss the suit but to stay it pending expiration of the waiting period.

Other courts have held that because the sixty-day period is jurisdictional, the district court must dismiss premature suits with leave to refile. *See Vance I, supra,* at 489; *Dempsey v. Pacific Bell Co., supra,* 789 F.2d at 1453. In those cases, however, the district court had not only allowed the action to begin before expiration of the sixty-day waiting period, but had reached a decision on the merits. The courts of appeals, therefore, found that the only appropriate remedy was to vacate the decisions and to dismiss with leave to the plaintiff to refile after expiration of the sixty-day period.

■ Here, the District Court did not reach the merits of Dalessandro's claim, so there is no decision on the merits to vacate. Moreover, we note that generally "[s]uspension of proceedings is preferable to dismissal with leave to refile" as a remedy for premature filing of discrimination suits. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 765 n. 13, 99 S.Ct. 2066, 2076 n. 13, 60 L.Ed.2d 609 (1979). Requiring the plaintiff to refile after termination of the required waiting period " 'would serve no purpose other than the creation of an additional procedural technicality ... [that is] particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.' " *Id.* (quoting *Love v. Pullman Co.,* 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972)).

*Reich v. Dow Badische Co., supra,* which the District Court cited, does not compel a different result. In *Reich,* this Court affirmed the dismissal of the plaintiff's claim not simply because he filed it too early but, more significantly, because he notified federal officials of his intent to sue too late. Although we said in *Reich* that failure to comply with the sixty-day waiting period would "terminate" the individual's right to commence a private civil action, 575 F.2d at 367–68, that statement was dictum and was not a determination that dismissal rather than a stay would be the appropriate disposition for a premature, but otherwise valid, claim.

We therefore reverse the District Court's decision to dismiss Dalessandro's complaint relating to the Lakeland claim and remand to the District Court with directions to stay the proceedings pending expiration of the statutory sixty-day waiting period.

REVERSED IN PART AND REMANDED.