Mary B. GOULDING, Plaintiff,

v.

The INSTITUTE OF ELECTRICAL & ELECTRONICS ENGINEERS, INC., Defendant.

No. 89 Civ. 6624 (RWS).

United States District Court, S.D. New York.

June 22, 1990.

Mary B. Goulding, Thiells, N.Y., pro se.

Dorsey & Whitney (Susan L. Lesinski, of counsel), New York City, for defendant.

OPINION

SWEET, District Judge.

Defendants move pursuant to Rule 12(b)(1), Fed.R.Civ.P., to dismiss plaintiff's claims brought under the Age Discrimination in Employment Act ("ADEA") for lack of subject matter jurisdiction. For the reasons set forth below, the motion is denied.

*Parties*

*Pro se* plaintiff Mary Goulding ("Goulding") filed this action for age discrimination under ADEA, 29 U.S.C. § 621 et seq.[1] She was employed in defendant's Standards De-

---

1. Section 621(b) states:

It is therefore the purpose of this chapter to promote employment of older persons based on their ability rather than age; to prohibit arbitrary age discrimination in employment; to help employers and workers find ways of meeting problems arising from impact of age on employment.

partment for approximately 15 years, and claims that at age 53 she was denied job advancement because of her age.[2]

Defendant Institute of Electrical & Electronics Engineers, Inc. ("IEEE") is a professional society that, *inter alia*, publishes a monthly advertising magazine through its Standards Department.

### Prior Proceedings

On November 30, 1984, Goulding filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that she was not promoted because of her age. The EEOC deferred Goulding's claim to New York's State Division of Human Rights ("DHR").

On March 31, 1987, DHR issued its decision that IEEE had not engaged in age discrimination against Goulding. However, because of an administrative mix-up, Goulding received notification of the decision after her period to appeal had expired.

IEEE terminated Goulding's employment effective July 28, 1989 and Goulding instituted this suit on September 27, 1989. On March 6, 1990, IEEE moved to dismiss Goulding's claims for lack of subject matter jurisdiction, on the grounds that Goulding had not filed with the EEOC for claims arising after November 30, 1984. Oral argument was heard on April 27, 1990 and the motion was considered fully submitted on that date. On May 23, 1990, Goulding filed a second claim with the EEOC for the post-November 30 claims.

### Facts

In 1975 IEEE hired 43–year–old Goulding as an editor for its advertising publication. IEEE claims it promoted her to Acting Supervisor in 1978 and has submitted employment records showing several pay increases. However, Goulding maintains she was not promoted until "recently."

In 1984 IEEE began experiencing a backlog of standards awaiting publication. The problem was compounded by the existence of fifty new standards scheduled to be ap-proved for publication. IEEE therefore decided to create a new managerial position which would report directly to the Staff Director of the Standards Department.

IEEE claims it considered 53–year–old Goulding for the position but ultimately concluded that Goulding lacked the managerial skills and technological experience necessary for the job. Goulding contends that she was qualified for the position, that she was not promoted because of her age, and that in hiring a manager to whom Goulding would report, IEEE functionally had demoted her.

Goulding claims she was harassed and given unfairly low work evaluations after the EEOC filing in 1984. IEEE maintains that Goulding's work was unsatisfactory because she was preoccupied with her non-promotion and was consequently unproductive. IEEE also alleges that Goulding's conduct in the Standards Department undermined the new manager's authority and bordered on insubordination.

Goulding next maintains that in April 1989 she began discussing the possibility of a transfer to IEEE's offices in New Jersey. However, she claims that an IEEE employee soon threatened to make her work in New Jersey "difficult," and so she decided not to transfer to the New Jersey offices. Shortly thereafter, IEEE notified Goulding that her employment would terminate on July 28, 1989.

### 29 U.S.C. § 626(d) and § 633(b)

Title 29 U.S.C. § 626(d) states in pertinent part: "No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission." Furthermore, Title 29 U.S.C. § 633(b) provides that where a state has its own anti-discrimination laws, no action may be brought under § 626 until 60 days after the complainant has commenced proceedings under state law. New York Human

---

**2.** IEEE noted that Goulding had represented her date of birth as both 1931 and 1932. However,

Rights Law, Executive Law § 297(9)[3] allows a complainant to sue in state court for damages, or have the complaint resolved in the State Division of Human Rights. Therefore, ADEA also requires Goulding to file with the state sixty days before instituting suit in federal court.

Goulding complied with both the § 626(d) and § 633(b) requirements for her first claim (all events up to November 30, 1984). However, Goulding has not commenced an action in the state or with the DHR, and has not waited the required sixty days from her second EEOC complaint before instituting suit here.

■ IEEE urges that this failure to file the post-November 30 claims after the statutory time limit deprives this court of subject matter jurisdiction to decide the issue. However, Goulding maintains that all the allegations (up to July 28, 1989) are "part and parcel" of the acts described to EEOC on November 30, 1984. She asserts that her compliance with all statutory requirements as regards the first EEOC filing gives this court subject matter jurisdiction to hear all her claims, even those arising after November 30, 1984.

■ The procedural framework of ADEA was patterned after Title VII of the Civil Rights Act. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979); *Reinhard v. Fairfield Maxwell, Ltd.*, 707 F.2d 697, 699 (2d Cir.1983). Therefore, like Title VII, ADEA's requirements must be read as fostering the resolution of disputes through the state system before commencing an action in federal court. *Oscar Mayer & Co. v. Evans*, 441 U.S. at 756, 99 S.Ct. at 2071. In failing to go through the state system on her second set of claims, Goulding has not complied with the ADEA.

■ Furthermore, as many courts have held, this 60–day conciliation period is a jurisdictional requirement. *See e.g., Dalessandro v. Monk*, 864 F.2d 6, 8 (2d Cir.1988) (the 60–day period is a jurisdictional re-

quirement; failure to wait thwarts Congress' desire for conciliation); *Reich v. Dow Badische Co.*, 575 F.2d 363 (2d Cir.), cert. denied 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *Smith v. General Scanning, Inc.*, 832 F.2d 96, 99 n. 3 (7th Cir.1987).

However, this Circuit has concluded that dismissal for failure to comply with the waiting period would be "hypertechnical." *Dalessandro v. Monk*, 864 F.2d at 9; *Love v. Pullman*, 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972). The court in *Dalessandro* therefore held that a district court faced with the premature institution of an ADEA claim should not dismiss on jurisdictional grounds. Instead the court should suspend those claims until the 60–day period has expired. *Id.*

Goulding has failed to meet the statutory requirements on her federal claims for the events from November 30, 1984 to July 28, 1989. She has not filed with the state agency as required by § 633(b), and she has not waited the 60–day period before filing suit here under § 626(d). Her claims for that period are therefore suspended until such time as they can be properly heard by this court.

It is so ordered.

---

**3.** Section 297(9) states in pertinent part: "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate, unless such person had filed a complaint hereunder [with the State Division of Human Rights] ..."