Marcia Cecilia EVANS, Plaintiff,

v.

**WALDORF–ASTORIA CORPORATION a/k/a Hilton Hotels Corporation, Defendant.**

No. 92 CV 3705 (SJ).

United States District Court, E.D. New York.

June 30, 1993.

As Amended July 8, 1993.

Marcia Cecelia Evans, pro se.

Orrick, Herrington & Sutcliffe, New York City by Michael Delikat, Jill L. Rosenberg, for defendant.

## MEMORANDUM AND ORDER

JOHNSON, District Judge.

Hilton Hotels Corporation ("Defendant") moves for summary judgment pursuant to Fed.R.Civ.P. 56. Defendant claims that plaintiff Marcia Cecilia Evans ("Plaintiff") is barred from bringing this action by a voluntary settlement agreement ("Agreement") entered into by parties in January, 1987. For the reasons stated below, the Court grants defendant's motion for summary judgment.

## BACKGROUND

Defendant employed plaintiff as a room service order taker, in June, 1985 and from September, 1985 until September, 1986 when defendant terminated her employment. Defendant asserts that plaintiff's termination resulted from her unsatisfactory job performance. Plaintiff claims that she was terminated because she refused the sexual advances of a supervisor.

In October, 1986, plaintiff filed charges against defendant with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights ("State"), claiming that she had been terminated and sexually harassed in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Plaintiff additionally filed a grievance with her employer through her union representative.

As a result of the grievance procedure, a hearing was held before an impartial chair on January 8, 1987. At this hearing plaintiff was represented by Gloria LeJeune, a business representative with the New York Hotel and Motel Trades Council ("Union") and John Mara, an attorney for the union. After several hours of negotiation, parties arrived at the agreement which was later signed by plaintiff, representatives of the union, and defendant's attorney and corporate officer.

In the agreement, defendant agreed to rescind plaintiffs' discharge, accept her voluntary resignation and pay the plaintiff $2,750 in settlement of her claims. Plaintiff, in turn agreed to withdraw her grievance filed with the union and the charges filed with the EEOC and the State.

By the execution of the agreement, defendant rescinded plaintiff's discharge and accepted her voluntary resignation and plaintiff withdrew her grievance with the union.

Plaintiff did not withdraw her claims before the EEOC and the State and may have conveyed to the State her intention not to do so. Defendant did not pay plaintiff the agreed upon $2750 in settlement of her claims, but rather, gave the State a check made payable to plaintiff to be turned over to her upon the withdrawal of her claims. Plaintiff never withdrew the charges pending before the EEOC and the State, and thus never received payment from defendant.

Pursuant to an investigation, the State found that plaintiff had "no probable cause" and thus was not permitted to bring a State action based upon her charges. The EEOC, however, issued a "right to sue" letter, upon which this action is based.

Proceeding pro se, plaintiff filed a summons and complaint in this action on August 6, 1992. The complaint alleges discriminatory termination of employment, retaliation, sexual harassment and unequal terms and conditions of employment based upon sex discrimination, all in violation of Title VII.

## DISCUSSION

### 1. Federal Rule of Civil Procedure 56

Before the court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, or in the alternative for an evidentiary hearing.

Defendant's motion for summary judgment must be granted if discovery has revealed no real dispute as to any material fact. Summary Judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Upon consideration of a motion for summary judgment, the court's function is not to resolve disputed issues of fact, but only to determine whether there is a genuine issue to be tried. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Eastman Mach. Co. v. United States,* 841 F.2d 469, 473 (2d Cir. 1988).

In making this determination, the court is required to view the evidence presented by the movant in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

The Court must consider whether the plaintiff has waived her right to bring an action pursuant to Title VII. For the reasons stated below, the Court finds that there is no disputed factual issue as to the validity of the agreement which bars plaintiff from bringing this action pursuant to Title VII.

### 2. The Voluntary Settlement Agreement

Defendant contends that because plaintiff by the Agreement waived her right to bring an action pursuant to Title VII, this action is barred.

In determining whether the Agreement bars the plaintiff's right to bring this action pursuant to Title VII, the court must determine first, whether the agreement was properly entered into, and second, whether the Agreement is binding on the parties.

### a. Formation of Contract

For a Title VII plaintiff to waive her right to bring an action pursuant to Title VII, the waiver must have been entered into knowingly and voluntarily. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 1021 n. 15, 39 L.Ed.2d 147 (1974); *Bormann v. AT & T Communications, Inc.,* 875 F.2d 399 (2d Cir.), *cert. denied* 493 U.S. 924, 110 S.Ct. 292, 107 L.Ed.2d 272 (1989) (applying Title VII law to ADEA action)

The Second Circuit has directed the courts to consider a set of factors in determining whether a waiver was entered into knowingly. These factors are 1) plaintiff's education and business experience; 2) the amount of time the plaintiff has access to the agreement before signing it; 3) the role of the plaintiff in deciding the terms of the agreement; 4) the clarity of the agreement; 5) whether the plaintiff was represented by or consulted with an attorney; and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law. *Bormann,* 875 F.2d at 403. The *Bormann* court highlighted the importance of the plaintiff's representation by an attorney but stated that the "totality of the circumstances" should be considered when determining the validity of a waiver. *Id.*

In this case, several of the *Bormann* factors are particularly applicable to the undisputed facts of this case. First, plaintiff was represented by an attorney provided by her union. While plaintiff only had access to the agreement for a few hours, the time during which the agreement was under consideration was sufficient for plaintiff, through her attorney, to reject several offers as inadequate. The negotiation process also demonstrates that plaintiff had some role, albeit limited, in dictating the terms of the agreement. The agreement is extremely simple, and lays out clearly plaintiff's responsibility for withdrawing her charges with the E.E.O.C. and the State.

The undisputed facts of this case point clearly to plaintiff's knowing waiver of her right to sue.

The legal issue raised by plaintiff regarding the validity of the waiver involves the voluntariness prong of the standard for waiver. Plaintiff argues that she signed the waiver under duress, and that the waiver is thus void. That is not the case.

In order for a contract to be void for duress, one of three circumstances must be present: duress by physical compulsion, duress by threat or by undue influence. *Joseph v. Chase Manhattan Bank,* 751 F.Supp. 31, 34 (E.D.N.Y.1990).

■ In this case, plaintiff has claimed neither duress by physical compulsion nor by threat. Plaintiff alleges duress by undue influence. Her claim, however, is that she was under the influence of *her own attorney* and not of the defendant. Duress by other than the opposing party to a contract cannot constitute compulsion sufficient to void the contract. *E.E.O.C. v. American Exp. Pub. Co.*, 681 F.Supp. 216, 219 (S.D.N.Y.1988).

Plaintiff's claim that the contract is void because it was not entered into knowingly and voluntarily is without merit. Therefore, the agreement is valid.

### b. Performance

Defendant now moves for summary judgment and seeks enforcement of the agreement which bars plaintiff from bringing these Title VII claims. As stated above, plaintiff knowingly and voluntarily entered into the agreement which requires her to withdraw her claims against defendant. Plaintiff is now precluded from pursuing these claims. *DiMartino v. City of Hartford*, 636 F.Supp. 1241, 1244 (D.Conn.1986) (valid settlement agreement bars the parties on the underlying claim).

■ A voluntary settlement agreement is a contract which is both binding and conclusive. *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir.1989), *cert. denied* 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990). "Where the parties to a dispute have entered into a valid settlement agreement to pending litigation, that agreement will be enforced by the court."[1] *DiMartino*, 636 F.Supp. at 1244. *See also Janneh*, 887 F.2d at 435 (Congress encourages the voluntary settlement of employment discrimination claims); *Dalessandro v. Monk*, 864 F.2d 6 (2d Cir. 1988) (plaintiff who settled claim could not sue on the same EEOC claim in federal court).

■ As discussed above, plaintiff's claim that she entered into the agreement under coercion is without merit. Plaintiff contends

that the agreed-upon settlement payment is inadequate to discharge her claims, however, this is not a satisfactory basis for her to renege on the contract. "A party to a settlement cannot avoid the agreement merely because [s]he subsequently believes the settlement insufficient...." *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454 (7th Cir. 1986). *See also Worthy v. McKesson Corp.*, 756 F.2d 1370, 1373 (8th Cir.1985). Plaintiff's change of mind does not excuse her from performance of her obligations under the settlement agreement.

■ Defendant has substantially performed its duties under the agreement. Defendant rescinded plaintiff's discharge and accepted her voluntary resignation. To date, however, defendant has not paid plaintiff the amount due under the agreement. When a settlement agreement does not specify a particular time by which payment must be made, the court implies a requirement that payment be made within a reasonable time. *Janneh v. GAF Corp.*, 887 F.2d at 436. Approximately one month after the execution of the agreement, plaintiff had not withdrawn her claims and apparently had refused to do so. Defendant, showing its continuing intention to honor the agreement, tendered a check to the State payable to plaintiff. Therefore, any claim that defendant repudiated the agreement is without merit. *See Taylor v. Gordon Flesch Co.*, 793 F.2d 858 (7th Cir.1986). Moreover, even if defendant had breached the agreement, plaintiff could not rescind her agreement to withdraw her claims. *See Dalessandro*, 864 F.2d at 8, n. 1.

Therefore, both parties are bound by the settlement agreement. Accordingly, plaintiff is barred from bringing a federal action against defendant on these claims. In addition, defendant is directed to comply with its outstanding obligation to plaintiff pursuant to the agreement. Defendant is hereby ordered to pay plaintiff the full amount due under the agreement plus statutory interest from February 8, 1987[2] to the date of payment.

---

1. United States District Courts have jurisdiction to enforce the voluntary settlement of Title VII claims. *E.E.O.C. v. Henry Beck Co.*, 729 F.2d 301, 305–06 (4th Cir.1984).

2. For the purposes of this action, this court construes as a reasonable time by which payment should have been made, thirty days from the date of the execution of the settlement agreement.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED;

It is hereby ORDERED that defendant pay plaintiff the contracted settlement amount of $2,750 plus statutory interest from February 7, 1987 until the date of payment.

SO ORDERED.