**Ledy M. SILVA, Plaintiff,**

v.

**UNIVERSIDAD de PUERTO RICO, et al., Defendants.**

Civ. No. 93–1022 (PG).

United States District Court, D. Puerto Rico.

May 3, 1994.

---

Dennis A. Simonpietri, Rafael A. Oliveras, Hato Rey, PR, for plaintiff.

Heber E. Lugo, Pedro J. Salicrup, Hato Rey, PR, for defendants.

### OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

#### Introduction

Plaintiff alleged that she was sexually harassed by her supervisor at the University of Puerto Rico ("UPR"). UPR investigated plaintiff's allegations and found them to be meritless. Then, on October 28, 1992, the UPR initiated administrative .action against plaintiff for failing to return to work. Plaintiff believed the administrative charges were filed in retaliation for her charges against her supervisor and the UPR. On April 26, 1993, exactly 180 days later, plaintiff filed a retaliation claim with the Anti–Discrimination Unit of the Puerto Rico Department of Labor. Plaintiff later commenced this litigation under Title VII against her supervisor and the university. The university seeks dismissal of the retaliation claim of the lawsuit, alleging that plaintiff failed to comply with the procedural conditions precedent to bringing suit under Title VII (Docket # 46).

This case involves several federal regulations and a Worksharing Agreement between the Equal Employment Opportunity Commission ("EEOC") and the Commonwealth Department of Labor. Today's Opinion and Order addresses an issue on which our Circuit has ·not spoken, namely whether the EEOC may delegate to a state anti-discrimination agency authority to receive on the EEOC's behalf charges over which the state agency expressly is denied jurisdiction by federal regulation. I believe that the EEOC may do so. Thus, for the reasons set forth below, defendant's motion for summary judgment and dismissal of plaintiff's retaliation claim is **DENIED**.

#### Discussion

█ In an Opinion and Order entered earlier in this case, I described the "procedural hurdles" over which a potential Title VII plaintiff must leap prior to bringing suit in federal court. *Silva v. Universidad de Puerto Rico,* 817 F.Supp. 1000, 1003–04 (D.Puerto Rico 1993). These include prosecution of plaintiff's claims with the EEOC or a desig-

nated agency of the Commonwealth. *Id.* at 1003. I noted that the Puerto Rico Department of Labor is not a "deferral" agency with respect to a claim such as this one, brought against an "instrumentality" of the Commonwealth. *Id.* at 1004; 29 C.F.R. § 1601.74 n. 5. Therefore, the EEOC has jurisdiction to investigate and resolve the claim, but the Department of Labor does not. A retaliation claim is time-barred if not "received by the [EEOC]" within 180 days of the alleged violation. 29 C.F.R. § 1601.13.

I noted defendant's contention that plaintiff filed her retaliation claim after the termination of the limitations period. I deferred consideration of the merits of defendant's limitations defense for a later date, however, to permit plaintiff to provide documentation of the date on which her retaliation claim was filed. *Id.* at 1005. Both parties have submitted evidence, and the day of decision has arrived.

The parties agree that plaintiff submitted a retaliation claim to the Commonwealth Department of Labor exactly 180 days after the alleged occurrence of the act of retaliation described therein. The parties agree that the Department of Labor does not have jurisdiction over the claim, and that only the EEOC is authorized to investigate the claim. The parties disagree, however, as to whether plaintiff's filing with the Department of Labor was equivalent to filing with the EEOC. If so, plaintiff's retaliation claim was timely filed with the EEOC on the final day of the limitations period. Thus, the present action would not be barred by failure to satisfy the administrative procedural requisites. If filing with the Department of Labor may not be deemed filing with the EEOC, and does not terminate the ticking of the limitations clock, plaintiff's administrative claim was late. Her federal action would be dismissed accordingly.

■ The EEOC and the Commonwealth Department of Labor entered into a Worksharing Agreement ("Agreement") "[i]n recognition of the[ir] common jurisdiction and goals," in order to promote efficient resolution of discrimination complaints. The Agreement recognizes that the timing and substance of the agencies' jurisdiction vary slightly with respect to many claims, and appears to contemplate the likelihood that complainants will file claims with an agency not authorized to process those claims. The parties sought to address the problems that could arise from this situation. Thus, pursuant to paragraph 3.a of the Agreement,

> EEOC by this agreement designates the Agency [Commonwealth Department of Labor] to accept charges on behalf of the EEOC which meet the jurisdictional requirements of Title VII. Such charges will be forwarded to the EEOC's New York District Office within 48 hours of receipt by the Agency. ***Charges which do not meet the Agency's jurisdictional requirements, but may meet those of Title VII, as amended, will also be received by the Agency*** and forwarded to EEOC within 48 hours. Charges filed with the Agency and forwarded for filing with EEOC will be referred to as dual filings. ***The effective date of filing will be the date a charge is received by the Agency.*** (emphasis added)

In other words, the EEOC has delegated authority to the Department of Labor to receive claims, such as the retaliation claim at issue today, which the Department of Labor may not investigate and resolve. According to the Agreement, then, filing with the Department of Labor *is* equivalent to filing with the EEOC. If the Agreement is valid, plaintiff's claim, filed with the Department of Labor on the one-hundred-eightieth day following the alleged retaliatory act, effectively was filed with the EEOC at the same moment.

Is the delegation of authority embodied in the portion of the Agreement excerpted above a lawful one? May the EEOC designate the Commonwealth Department of Labor an agent for receipt of claims over which the Department of Labor has no jurisdiction? I answer those questions affirmatively, for the following reasons.

■ The EEOC's interpretation and application of its own regulations is entitled to great deference. *Martin v. Occupational Safety and Health Review Commission,* 499 U.S. 144, 150–51, 111 S.Ct. 1171, 1175–76, 113

L.Ed.2d 117 (1991). I will uphold the EEOC's interpretation of its regulations so long as it is "reasonable." *Ehlert v. United States,* 402 U.S. 99, 105, 91 S.Ct. 1319, 1323–24, 28 L.Ed.2d 625 (1971). Under the applicable regulations, "[c]harges over which a FEP agency has no subject matter jurisdiction are filed with the [EEOC] *upon receipt* and are timely filed if *received by the [EEOC]* within 180 days of the alleged violation." 29 C.F.R. § 1601.13(a)(2). In paragraph 3.a of the Agreement, the EEOC, in effect, simply has given a broad definition to "charges received by the EEOC," so that included in the definition are charges received by agents designated by the EEOC for that purpose. The EEOC's definition includes receipt by the Department of Labor. It is beyond peradventure that this interpretation of EEOC regulations is "reasonable," and within the EEOC's authority.

Equally persuasive is the Eighth Circuit's holding that receipt by a state agency of charges over which the state agency has waived its jurisdiction is equivalent to receipt by the EEOC. *Worthington v. Union Pacific Railroad,* 948 F.2d 477 (8th Cir.1991). The EEOC and Nebraska Equal Opportunity Commission ("NEOC") entered into a Worksharing Agreement in which the NEOC waived its right to process charges filed "240 or more days after the alleged ... [violation] occurred." *Id.* at 480. The Agreement contained a provision delegating to the NEOC authority to receive and forward to the EEOC charges "which do not meet the NEOC's jurisdictional requirements...." *Id.* at 480 n. 4. Plaintiff's charge was filed with the NEOC on the 299th day after the alleged act of discrimination. The court held that plaintiff's charge was one over which the NEOC had waived jurisdiction, and that the waiver was valid. The court then held that under the valid Worksharing Agreement, the NEOC's receipt of charges properly filed with the EEOC constituted receipt by the EEOC. *Id.* at 480.

Under *Worthington,* then, a state agency may serve as a conduit for charges over which it has *waived* jurisdiction. I stretch the holding of *Worthington* very little by finding, as I do today, that a Commonwealth agency may receive on the EEOC's behalf, pursuant to the terms of a Worksharing Agreement, charges over which the Commonwealth agency is deprived by regulation of jurisdiction.

Finally, Congress' intent in enacting Title VII informs my decision. The statute was designed to remedy, *inter alia,* gender-based discrimination in the workplace, and its procedural requirements are to be construed liberally to effect that end. *See, e.g., E.E.O.C. v. Commercial Office Products,* 486 U.S. 107, 124, 108 S.Ct. 1666, 1676, 100 L.Ed.2d 96 (1988) ("Title VII ... is a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process."). Defendant's attack on the Worksharing Agreement between the EEOC and the Puerto Rico Department of Labor would impose an unnecessary barrier to potential claimants and further complicate the filing process.

I find that the filing of plaintiff's retaliation complaint with the Puerto Rico Department of Labor on April 26, 1993, constituted filing with the EEOC, for purposes of computing plaintiff's compliance with the statute of limitations. Plaintiff filed her complaint on the 180th day after the occurrence of the alleged act of retaliation. Her complaint was timely filed. The retaliation claim included in this lawsuit is not barred by procedural default.

**THEREFORE,** defendant UPR's Motion for Summary Judgment (Docket # 46) is **DENIED.**

**IT IS SO ORDERED.**