Russell v. Easter Seals          CV-96-219-M    12/10/97
                    UNITED STATES DISTRICT COURT

                     DISTRICT OF NEW HAMPSHIRE


Steve Russell

        v.                              Civil No. 96-219-M

Easter Seal Society
of New Hampshire, Inc.


                          **O R D E R**


        Steve Russell brings suit against his former employer,

Easter Seals Society of New Hampshire, Inc., alleging gender

discrimination in violation of Title VII of the Civil Rights Act

of 1964 and state law claims.  Easter Seals seeks summary

judgment on grounds that Russell's administrative complaint was

not timely filed barring his Title VII claim.  Alternatively,

Easter Seals contends that the record facts do not support

Russell's discrimination claim.  For the reasons that follow, the

court grants summary judgment as to the Title VII claim against

Easter Seals, and declines to exercise supplemental jurisdiction

over the state law claims.



                    **STANDARD OF REVIEW**

        Summary judgment is appropriate if the "pleadings,

depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(c).  The moving party first must show the absence of a genuine

issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party, the plaintiff in this case, and resolves all inferences in her favor. Denovellis v. Shalala, 124 F.3d 298, 305-06 (1st Cir. 1997). Accordingly, summary judgment will be granted only if the record shows no trial worthy factual issue and that the moving party, the defendant here, is entitled to judgment as a matter of law. EEOC v. Green, 76 F.3d 19, 23 (1st Cir. 1996).

## BACKGROUND

Steve Russell began his employment at Easter Seals in 1990. In 1993, he became a "Community Living Manager." He was supervised by defendant Sharon Richey until November 1994 when John Devos became Russell's direct supervisor. He began a leave of absence on March 31, 1994, and did not return to Easter Seals.

In opposition to summary judgment, Russell focuses on four incidents of claimed harassment.[1] In the first incident, which occurred in July 1994, Rogue Lee Dolac, the son of Russell's

---

[1]Although Russell alleges in his complaint that he was overlooked for promotion because of his gender, he has focused on sexual harassment in his opposition to summary judgment, and has not pursued discriminatory promotion practices as a basis for his Title VII claims.

2

coworker at Easter Seals, Mark Dolac, overheard Sharon Richey make remarks at a funeral that Russell was "sleeping with" his male supervisor.  In November 1994, at an office going away party for Mark Dolac, Richey again openly discussed Russell's sexual orientation, saying that he was engaged in a homosexual affair with his supervisor, and that he had AIDS.  She was overheard by Rogue Lee Dolac as well as Mark Dolac.  In December, at the Easter Seals Christmas party, Richey said to a group that Russell was a "faggot" and that he was "sleeping with" Mark Dolac. Finally, Rogue Lee Dolac says in his affidavit that he overheard Richey talking to a group of women in a bar about Russell and others.

In October 1994, Russell notified the president of human resources at Easter Seals about his difficulty in getting along with Richey.  A new supervisor was appointed in November 1994 to supervise Russell.  In early December, Mark Dolac reported the remarks Richey made at his going away party, and in late December Russell also met with the president of human resources to discuss Richey's remarks.  Russell met with Easter Seals executives in January 1995 for other purposes, but raised the issue of Richey's remarks.  A memorandum about Richey's unacceptable behavior was placed in her file as a result of the January meeting.  Russell states in his affidavit that he had to deal with coworkers' prying inquiries about his health and whether he had AIDS, a circumstance he attributes to Richey's remarks, until he left Easter Seals in March of 1995.

**DISCUSSION**

Title VII obligates a plaintiff to exhaust administrative remedies before filing suit in federal court. Lawton v. State Mutual Life Assurance Co. of America, 101 F.3d 218, 221 (1st Cir. 1996). The general rule requires complaints to be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the discriminatory act, unless the complaint is first filed with an authorized state agency, in which case it must be filed within 300 days. 42 U.S.C.A. § 2000e-5(e); EEOC v. Commercial Office Products Co., 486 U.S. 107, 110 (1988). When a state has an authorized agency, but the state agency lacks subject matter jurisdiction to consider a claim brought in a complaint, the state agency is treated, for that claim, as if no agency existed, and the 180-day rule applies. 29 C.F.R. § 1601.13(a)(2); see also Baron v. Port Authority of New York and New Jersey, 968 F. Supp. 924, 927-30 (S.D.N.Y. 1997).

Easter Seals contends that because it is a charitable corporation, it is not an "employer" within the meaning of New Hampshire's antidiscrimination laws, and, therefore, the New Hampshire Commission for Human Rights ("NHCHR") lacked jurisdiction to consider Russell's claim. See N.H. Rev. Stat. Ann. §§ 354-A:7,I and :2,VII. Russell does not dispute that the 180-day limit applies in this case, but contends that his filing was timely.

Russell filed his complaint with the NHCHR on June 30, 1995, and his complaint was received by the EEOC in August of 1995 (the

4

exact date is not clear on the copy submitted). Work sharing agreements between the EEOC and state agencies, which are generally made on an annual basis, affect the relationship between the agencies and filing periods for discrimination complaints. See Kleine v. Connell Communications, Inc., 955 F. Supp. 154, 156 (D.N.H. 1996). Neither party filed a copy of the work sharing agreement between the NHCHR and the EEOC applicable in 1995. In this case, however, the particular terms of the applicable work sharing agreement are not essential. Cf. id. (holding defendant's failure to file agreement precluded summary judgment). Even if the 1995 agreement could be interpreted to designate the NHCHR as EEOC's receiving agent, despite its lack of subject matter jurisdiction over the complaint, see, e.g., Silva v. Universidad de Puerto Rico, 849 F. Supp. 829, 832 (D.P.R. 1994), Russell's complaint was still not timely filed.

Taking June 30, 1995, when the complaint was filed with the NHCHR, as the filing date for the EEOC as well, the last discriminatory act must have occurred no later than January 1, 1995 for the complaint to be timely. Russell contends that he experienced discrimination until he left Easter Seals on March 31, 1995, because fellow employees asked intrusive questions about his health and whether he had AIDS until then. In cases of continuing violations, the limitations period begins when the last discriminatory act occurs, not when the claimant last experienced the "residual effects of past discriminatory

5

conduct." <u>Denovellis</u>, 124 F.3d at 309 (quotations omitted). Russell does not characterize the questions by his fellow employees as discriminatory harassment, however, but instead attributes their interest to rumors started by Richey's remarks about him. His fellow employees' intrusive questions were not discriminatory acts, but instead were the "residual effects" of Richey's harassing remarks and cannot serve to extend the limitations period.

The only acts Russell describes in opposition to summary judgment that might come within the limitations period, and which are supported by affidavit, are certain remarks by Richey overheard by Rogue Lee Dolac at a bar. Dolac says in his affidavit:

> On one occasion in a bar, I overheard Sharon [Richey] and three other women who were one booth away from me talking about Steve [Russell], Mark and John and Jean Price. Sharon was going on about Mark and how she knows that he is really gay. She also talked about Steve and John.

> At that same bar, on or about January, 1995 I heard Sharon say words to the effect that John Devos would kiss her ass and do any thing she wants and that's the way men should be. She also said other mean things.

Dolac seems to be reporting two separate incidents in which he overheard Richey say "mean things" at the same bar. The date on which the statement occurred is not established, while the second reportedly occurred "on or about January, 1995."

Even if the first statement had been made within the limitations period, which is not established <u>in this record</u>, it was not an incident of sexual harassment actionable under Title

6

VII in this case. Without determining whether the statement constituted harassment, Easter Seals cannot be held liable for actions that it did not and could not reasonably know occurred. See Lipsett v. University of Puerto Rico, 864 F.2d 881, 901 (1st Cir. 1988). Richey's first conversation at the bar was outside the employment context; Russell did not hear her remarks; and no Easter Seals officials heard her remarks. The second statement, the only one that might have occurred within the limitations period, seems to have nothing to do with Russell, and therefore cannot reasonably be construed as an act of sexual harassment aimed at him.

Based on the undisputed facts of record, it is apparent that discriminatory acts have been shown to have occurred within the limitations period, that is, after January 1, 1995. Because Russell has not shown that any trial worthy issue exists as to the timeliness of his complaint, Easter Seals is entitled to summary judgment as a matter of law on Russell's Title VII claim.

## CONCLUSION

For the foregoing reasons, Easter Seals' motion for summary judgment (document no. 14) is granted as to Count I. The court declines to exercise supplemental jurisdiction over plaintiff's remaining claims as they are based solely on state law. 28 U.S.C.A. § 1367(c). Accordingly, the state law claims are dismissed without prejudice to refiling in state court. The clerk of court is instructed to enter judgment in favor of the

7

defendants in accordance with the terms of this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 10, 1997

cc:   Leslie H. Johnson, Esq.
      Daniel P. Schwarz, Esq.