09-2581-cv
Cherry v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand and ten.

PRESENT:
> WILFRED FEINBERG,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges*.

_____

Bernard Cherry,
> *Plaintiff-Appellant*,

v.                                                                                    09-2581-cv

City of New York, *et al.*,
> *Defendants-Appellees.*

_____

For Appellant:              BERNARD CHERRY, *pro se*,
                            Bronx, New York.

For Appellees:              SCOTT SCHORR, City of New
                            York Law Department, New York,
                            New York.

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Bernard Cherry, *pro se*, appeals from the judgment of the United States District Court for the Eastern District of New York (Cogan, J.), dismissing Appellant's employment discrimination claims. We assume the parties' familiarity with the facts and procedural history.

We review *de novo* a district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "[T]he pleadings of *pro se* litigants should be construed liberally, and should not be dismissed unless it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations." *Phillips v. Girdich*, 408 F.3d 124, 127 (2d Cir. 2005) (citations and internal quotation marks omitted).

A litigant must have filed a timely charge (subject to possible enlargement by way of equitable estoppel, waiver, or tolling) with the Equal Employment Opportunity Commission and corresponding state agencies as a condition precedent to the filing of an action in federal court pursuant to the Age Discrimination in Employment Act, Americans with Disabilities Act, or Title VII of the Civil Rights Act. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 12117(a) (adopting the filing requirements of 42 U.S.C. § 2000e-(5)); *see also Dalessandro v. Monk*, 864 F.2d 6, 8 (2d Cir. 1988) (ADEA); *Francis v. City of New York*, 235 F.3d 763, 766-67 (2d Cir. 2000) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385 (1982), for the proposition that a Title VII

claim is time-barred if the plaintiff fails to file a timely EEOC charge). In New York, where the New York State Division of Human Rights ("NYSDHR") addresses claims of employment discrimination, the statute of limitations for filing a claim with the EEOC is 300 days. *See* 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d)(2); *Quinn v. Green Tree Credit Corp*, 159 F.3d 759, 765 (2d Cir. 1998) (Title VII); *Hodge v. N.Y. Coll. of Podiatric Med.*, 157 F.3d 164, 166 (2d Cir. 1998) (ADEA).

Here, the most recent alleged discriminatory action, *i.e.*, Appellant's termination, occurred on March 15, 2007, and he learned of the termination on March 22, 2007. Because Appellant's NYSDHR complaint was not filed until a year later in March 2008, it was untimely. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 713 (2d Cir. 1996) (holding that timeliness is measured from the date the employee receives notice of the discriminatory decision). Appellant asserts that his NYSDHR charge was timely because he had submitted complaints through both the internal Department of Corrections ("DOC") grievance procedures and through his union. That argument is unavailing, however, as "the pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods." *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 (1980); *see also Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 234-36 (1976) (holding that the filing deadline is not tolled during the pendency of grievance or arbitration procedures).

Finally, Appellant appears to assert that he was misled into waiting for completion of the DOC's investigation, and he argues that we should excuse his untimely complaint because the delay was not his fault. This argument, however, was not presented before the district court.

3

The well established general rule is that a court of appeals will not consider an issue raised for the first time on appeal. *See Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976); *see also Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005) (citing *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 103 (2d Cir. 2004)). The rule is not an absolute bar to raising new issues on appeal, and the Court may in its discretion disregard it when necessary to remedy manifest or obvious injustice. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 527 (2d Cir. 1990). Appellant, nonetheless, does not explain why he did not assert this argument before the district court, and he has not established manifest or obvious injustice sufficient for us to exercise our discretion to consider the issue.

Additionally, even if we were to consider the argument, it is without merit. Equitable tolling is only appropriate in "rare and exceptional circumstance[s]," such as when a party "is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000), and *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). In determining if equitable tolling should apply, the court should consider whether the plaintiff (1) has acted with reasonable diligence during the time period he seeks to have tolled and (2) has proved extraordinary circumstances justifying application of the doctrine. *Id.* at 80-81. Appellant's only argument in favor of equitable tolling is that he was misled by his union and/or DOC. While the documents that Appellant has submitted indicate that he was diligent in seeking resolution of his dispute through DOC and his union, he has not asserted, much less established, that extraordinary circumstances justify application of the equitable tolling doctrine. *See id.* Moreover, nothing in

4

the record supports Appellant's claim of a conspiracy or shows that there existed exceptional circumstances sufficient to excuse his delay.  *Id.*

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk