**562**

Edward B. BENNETT, Jr., Plaintiff,

v.

SPOOR BEHRINS CAMPBELL & YOUNG, INC., Defendant.

No. 88 Civ. 3174 (PKL).

United States District Court, S.D. New York.

March 14, 1989.

Anderson Russell Kill & Olick, P.C., New York City (Steven M. Pesner, Robert H. Pees, of counsel), for plaintiff.

Bruce G. Behrins & Associates, Staten Island, N.Y. (Bruce G. Behrins, Robert A. Bruno, of counsel), for defendant.

## OPINION AND ORDER

LEISURE, District Judge:

Plaintiff in this diversity action, Edward B. Bennett, Jr. ("Bennett" or "plaintiff"), is a citizen of New Mexico. He has commenced this action against defendant, Spoor Behrins Campbell & Young, Inc. ("Spoor Behrins" or "defendant"), a New York financial planning corporation. The Complaint alleges "professional negligence arising out of Plaintiff's contractual relationship with Defendant." Complaint ¶ 1. Defendant has asserted a statute of limitations bar as its second affirmative defense. The matter is presently before the Court on plaintiff's motion under Fed.R.Civ.P. 12(f) to strike defendant's second affirmative defense. For the following reasons, the motion is denied.

## I. BACKGROUND

Plaintiff contends that certain investment advice was rendered to him by Spoor Behrins, a financial planning institution, pursuant to a contract between the two parties. Bennett alleges that, in reliance on defendant's professional advice, he invested in two limited partnerships, and that these investments caused Bennett to incur substantial losses and tax liability.

In 1980, Bennett and Spoor Behrins entered into an agreement whereby Spoor Behrins agreed to provide financial planning assistance, and in particular to "provide you [Bennett] with various, specific recommendations" concerning Bennett's financial needs. *See* Letter Agreement, dated September 23, 1980 ("Letter Agreement"), attached to Plaintiff's Motion to Strike. In November 1980, pursuant to the aforementioned arrangement, Spoor Behrins recommended to plaintiff that he invest in Sentinel Government Securities ("Sentinel"), a New York limited partner-

ship, and suggested that the investment would "meet your [Bennett's] income tax needs perfectly." *See* Letter from Michael D. Young, dated November 5, 1980, ("Sentinel Letter"), attached to Plaintiff's Motion to Strike. Bennett also alleges that, in the fall of 1980, Spoor Behrins specifically recommended that plaintiff purchase an interest in another limited partnership, Holiday Associates of Crystal River, Ltd. ("Holiday"). Spoor Behrins represented that this investment would also produce a 1980 tax benefit "which would more than pay for his 1980 cash investment in Holiday." Complaint ¶ 27. This tax benefit never materialized, and plaintiff alleges that he lost his entire cash investment in Holiday. Complaint ¶¶ 29–32.

Bennett commenced this action on May 6, 1988. As noted, plaintiff based his claim upon "professional negligence arising out of Plaintiff's contractual relationship with Defendant," and specifically, the investment advice regarding Holiday and Sentinel that was given pursuant to this relationship. Complaint ¶ 1. In its answer to the complaint, Spoor Behrins has asserted, among other things, an affirmative defense based on the statute of limitations.

Defendant bases this defense on § 214(6) of the Civil Practice Law and Rules of the State of New York ("CPLR"), arguing that insofar as the action is one for negligence and malpractice, it is governed by the three year statute of limitations set forth in that provision. Plaintiff argues that this action is based upon negligent performance rendered under the contract, and, therefore, the applicable statute of limitations is the one which governs contract actions. That provision is CPLR § 213(2), which provides for a six year limitations period.

Plaintiff contends that the cause of action did not accrue for statute of limitations purposes until July 1982, for the claims arising out of advice relating to Sentinel, and September 1982, for the Holiday investment advice. In his complaint, plaintiff alleges that "Spoor Behrins continued to render Plaintiff ongoing advice until Plaintiff's withdrawal from Sentinel on or about July 30, 1982," and that "with regard to Holiday, Spoor Behrins continued to serve as Plaintiff's financial planner until September of 1982, when Plaintiff's financial planning relationship with Spoor Behrins terminated." *See* Complaint ¶¶ 35 & 36. Bennett argues that, based upon the "continuous treatment doctrine," these dates are the relevant ones for accrual of the cause of the action. He urges that any statute of limitations defenses should, as a matter of law, be stricken.

Defendant responds that the alleged injury to plaintiff occurred not later than 1981, when plaintiff became aware of the tax liabilities assessed against him. Defendant disputes the applicability of the continuous treatment doctrine to the facts of the present case, and maintains that the issue of the doctrine's applicability to the present case can only be resolved after sufficient discovery has occurred.

## II. DISCUSSION

Motions to strike an affirmative defense for legal insufficiency under Fed.R.Civ.P. 12(f) are not viewed favorably by the courts. *See William Z. Salcer, Etc. v. Envicon Equities*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986); *Oliner v. McBride's Industries, Inc.*, 106 F.R.D. 14 (S.D.N.Y.1985). The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial. *See Oliner, supra*, 106 F.R.D. at 17; *Wohl v. Blair & Co.*, 50 F.R.D. 89, 91 (S.D.N.Y.1970); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1381, at 799–800.

When facts are in dispute, as in the case presently before the Court, a motion to strike will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Etc., supra*, 744 F.2d at 939 (*quoting Durham Industries, Inc. v. North River Insurance Co.*, 482 F.Supp. 910, 913 (S.D.N.Y.1979)). Moreover, even when the facts are not disputed and the defense presents a purely legal question, the courts are very reluctant to determine disputed, substantial

questions of law on a motion to strike. These questions are viewed as more properly determinable only after adequate discovery and, if necessary, a complete hearing on the merits. *Id.; Sample v. Gotham Football Club, Inc.*, 59 F.R.D. 160, 169 (S.D.N.Y.1973).

 The factual and legal issues in this action, in its present posture, are substantial and disputed. According to plaintiff, the acts complained of continued to take place up until 1982, thereby invoking the continuous treatment doctrine, and the action is therefore timely under the six year statute of limitations for contracts. Defendant, however, asserts that the continuous treatment doctrine is inapplicable to the facts of this case, as the ongoing relationship with plaintiff was unrelated to the acts which form the basis of the claims here. Additionally, the parties differ on the significant threshold legal question of which statute of limitations period is to be applied in this case.

Clearly, further discovery must be had before it can be determined whether, in fact, the continuing relationship between plaintiff and defendant was related to the specific investment advice that forms the core of plaintiff's complaint.

The law requires the Court to construe the pleadings liberally on a motion to strike. In the present case, it appears that defendant could prove a set of facts in support of its defense that would defeat plaintiff's claims. Therefore, it can not be said that the defense is "clearly insufficient as a matter of law." *Oliner, supra,* at 18; *Systems Corp. v. American Tel. & Tel. Co.*, 60 F.R.D. 692, 694 (S.D.N.Y.1973). Even if it is unlikely that defendant could prove a sufficient set of facts to prevail on its defense, when the possibility of a meritorious defense exists, the Court must, absent a showing of prejudice or injury to plaintiff, deny the motion to strike the affirmative defense. *William Z. Salcer, supra,* at 939; *Oliner, supra,* at 18; *Sample, supra,* at 169.

As indicated, the affirmative defense is dependent upon these disputed questions of law and fact, and the motion to strike is therefore denied. *See, e.g., Oliner, supra;* *Linker v. Custom–Bilt Mach. Inc.*, 594 F.Supp. 894, 898 (E.D.Pa.1984); *Ciminelli v. Cablevision*, 583 F.Supp. 144, 162 (E.D. N.Y.1984).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to strike Defendant's affirmative defense, pursuant to Fed.R.Civ.P. 12(f), is denied.

SO ORDERED.