Eugene **MONTALVO**, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Marvin Runyon, Postmaster General, George Schneider, Former Postmaster of Floral Park, Defendants.**

No. 90–CV–1896.

United States District Court,
E.D. New York.

April 26, 1995.

John F. Wilkinson, Donovan Leisure Newton & Irvine, New York City, for plaintiff.

Thomas A. McFarland, Asst. U.S. Atty., E.D.N.Y., Brooklyn, NY, for defendants.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

Defendants United States Postal Service and Marvin Runyon, Postmaster General (collectively, the "Government"), move this Court for an order pursuant to Rule 56 of the Federal Rules of Civil Procedure granting defendant Postmaster General summary judgment on plaintiff's second claim for breach of contract and his third claim requesting punitive damages. Further, the Government petitions, pursuant to Rule 39(a)(2) of the Federal Rules of Civil Procedure, that the Court strike Montalvo's jury demand on his claim for breach of contract. Finally, the Government requests that Montalvo's action against defendant Postal Service be dismissed in its entirety.

## BACKGROUND

Plaintiff Eugene Montalvo was employed by the Postal Service from October 1981 to March 1990. During that period, Montalvo filed numerous Equal Employment Opportunity Commission (EEOC) complaints, alleging racial discrimination in violation of Title VII. On March 20, 1987, Montalvo and the Postal Service entered into a settlement agreement ("Settlement Agreement") whereby Montalvo agreed to withdraw ten pending EEOC cases in exchange for, *inter alia*, the Postal Service's agreement to expunge past disciplinary actions from Montalvo's personnel file.[1] The Postal Service further agreed not to use the expunged records in any future disciplinary actions.

Following the Agreement, the Postal Service disciplined Montalvo on a number of occasions, culminating in his termination from the Postal Service on March 5, 1990. Montalvo brought this action against the Government for (1) retaliatory discharge and (2) breach of contract, alleging that the Postal Service violated the Settlement Agreement by failing to expunge pre-March 1987 disciplinary actions from his personnel file and by using such actions in post-March 1987 disciplinary proceedings.

## DISCUSSION

### I. *Breach of the Settlement Agreement*

█ The Government contends that it is entitled to summary judgment on Montalvo's breach of contract action because, although the Postal Service appears to have breached the Settlement Agreement, in fact it did not. The Postal Service admits that it took into consideration disciplinary actions said to have occurred on January 5, 1987 and February 8, 1987—dates which precede the Settlement Agreement—in two 1989 disciplinary actions and in terminating Montalvo. The Government urges, however, that the pre-March 1987 citations were clerical errors. The Government theorizes that, because the charges listed for January 5, 1987, and February 8, 1987, correspond exactly to charges levelled against Montalvo in May and August of that year, the only possible conclusion is that the January and February dates are typographical errors that refer to post-settlement actions.

A review of the disciplinary actions in Montalvo's personnel file does not support the Government's theory. From the time of

---

1. The Settlement Agreement provided that "[c]opies of all disciplinary actions will be removed from [Montalvo's] Official Personnel Folder and will not be cited in future cases and will be considered expunged."

the Settlement Agreement in 1987 until Montalvo's discharge in 1990, the Postal Service disciplined Montalvo on seven occasions. In the final three disciplinary actions that ultimately led to Montalvo's termination and that contained the dates at issue, there is a nearly complete uniformity of error in the dates listed by the Postal Service as instances of past disciplinary actions against Montalvo. Further, because the phraseology of disciplinary charges at the Postal Service appears to be formulaic, there is little force to the Government's argument that, since the charges of the pre-settlement dates correspond word for word to charges against Montalvo in May and August of 1987, they must in fact be the same actions. From this review, it is far from clear that typographical error is the only conclusion to be drawn from these facts. In short, this is a factual dispute which may not be resolved on a summary judgment motion. Accordingly, the Government's motion for summary judgment on this claim is denied.

## II. *Montalvo's Jury Demand*

The Government moves to strike Montalvo's jury demand on his breach of contract claim, arguing that breach of an EEOC agreement is not a pendent state law contract claim, but rather a cause of action arising under Title VII. Accordingly, the Government contends that, because the 1991 amendments to Title VII are not retroactive, *Landgraf v. USI Film Products,* ── U.S. ──, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994), Montalvo's claim is governed by the procedures and remedies provided by Title VII at the time the alleged breach occurred. Since Title VII, prior to its amendment by the 1991 Civil Rights Act, provided primarily equitable remedies and did not specifically allow for trial by jury, the Government argues that Montalvo is not entitled to a jury trial on his breach of contract claim. In order to resolve this issue, the Court first must determine whether jurisdiction for breach of an EEOC settlement agreement is derived from Title VII or is a pendant state law claim and, second, if jurisdiction is derived from Title VII, the Court must decide whether Montalvo is entitled to a jury.

### a. *Pendent Common Law Claim or Title VII Action?*

■ Courts directly considering the nature of a cause of action for the enforcement of an EEOC agreement have concluded that district court jurisdiction is derived from Title VII. *See E.E.O.C. v. The Henry Beck Co.,* 729 F.2d 301 (4th Cir.1984) (action to enforce EEOC agreement is brought directly under Title VII); *E.E.O.C. v. Safeway Stores, Inc.,* 714 F.2d 567 (5th Cir.1983), *reh'g denied,* 720 F.2d 677 (5th Cir.), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2384, 81 L.Ed.2d 343 (1984) (district court empowered to specifically enforce EEOC conciliation agreement under Title VII); *Evans v. Waldorf-Astoria Corp.,* 827 F.Supp. 911, 914 n. 1 (E.D.N.Y.1993), *aff'd,* 33 F.3d 49 (2d Cir. 1994) (jurisdiction derived from Title VII in action to set aside EEOC agreement); *Robles v. United States,* 1990 WL 155545 (D.D.C.1990) (attorney's fees awarded under Title VII where defendant breached EEOC agreement). Accordingly, the Court concludes that enforcement of an EEOC agreement is a civil action brought directly under Title VII.

### b. *Right to a Jury Under Pre–1991 Law*

■ Montalvo argues that, even if his breach claim is a civil action brought under Title VII, he is entitled to a jury trial under pre–1991 law. In support, he points to a footnote in *Landgraf,* ── U.S. at ── n. 4, 114 S.Ct. at 1490 n. 4, in which the Supreme Court notes that it has not been decided whether a plaintiff seeking backpay under Title VII has a right to a jury trial. However, as the present action is not one between private parties, Montalvo's reliance on the *Landgraf* footnote is misplaced. It is settled law that, in actions against the federal government, a plaintiff "has a right to trial by jury only where Congress has affirmatively and unambiguously granted that right by statute." *Lehman v. Nakshian,* 453 U.S. 156, 168, 101 S.Ct. 2698, 2705, 69 L.Ed.2d 548 (1981). Since Title VII, prior to its amendment in 1991, did not affirmatively provide for jury trials in actions against the federal government, Montalvo is not entitled to one in this case.

**66**

### III. *Punitive Damages*

Montalvo concedes that punitive damages are not available in discrimination actions against the federal government. 42 U.S.C. § 1981a(b)(1) (1994). The Court grants summary judgment for defendants on this claim for relief.

### IV. *Postal Service as Defendant*

 Finally, the Government moves for summary judgment on all claims as to defendant Postal Service, stating that an action against the federal government under Title VII may only be brought against the department or agency head, which, in the case of the Postal Service, is the Postmaster General. Montalvo concedes this point, but argues that the Postal Service is a proper defendant in his breach of contract action.

As the Court concluded above, the provisions of Title VII apply to Montalvo's breach of contract claim. Under Title VII, the only proper defendant in an action against the Postal Service is the Postmaster General. 42 U.S.C. § 2000e–16(c). *See Soto v. United States Postal Serv.,* 905 F.2d 537 (1st Cir. 1990), *cert. denied,* 498 U.S. 1027, 111 S.Ct. 679, 112 L.Ed.2d 671 (1991); *Healy v. United States Postal Serv.,* 677 F.Supp. 1284, 1288–89 (E.D.N.Y.1987). Therefore, Montalvo's action against the Postal Service is dismissed. Further, although George Schneider, the former Postmaster of Floral Park, has not appeared in this action, for the above reason, Schneider also is not a proper party-defendant. Given that Montalvo fails to state a claim against Schneider and in the interests of judicial economy, the Court dismisses Montalvo's claims against Schneider *sua sponte.*

### *CONCLUSION*

In summary, for the reasons given above, the Government's motion for summary judgment on Montalvo's breach of contract claim is DENIED. The Government's motion to strike Montalvo's jury demand in his breach of contract claim is GRANTED and the jury demand is STRICKEN. Further, the Government's motion for summary judgment on Montalvo's claim for punitive damages is GRANTED and this claim for relief is DIS-MISSED. Finally, the Government's motion for summary judgment as to all claims against the Postal Service is GRANTED and the claims against defendant Postal Service are DISMISSED in their entirety. Moreover, all of Montalvo's claims against defendant George Schneider, former Postmaster of Floral Park, are DISMISSED.

SO ORDERED.