**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Douglas G. McCASKEY, Neal E. Fitzpatrick Jr., Hope D. Trowbridge, Marcorp, Inc., Robert A. Schatz, John Von Der Lieth, III, and Daniel F. Dugan, Defendants.**

**Douglas G. McAskey, Neal E., Fitzpatrick, Jr., Hope D. Trowbridge, Third–Party Plaintiffs,**

v.

**The Securities and Exchange Commission, Counterclaim–Defendant,**

and

**Gruntal & Co., Squadron and Ellenoff, Kenneth P. Felis, Merrill, Lynch Pierce, Fenner & Smith, Inc., Third–Party Defendants.**

**No. 98 Civ. 6153(SWK).**

United States District Court, S.D. New York.

May 5, 1999.

Jerry A. Isenberg, Patrick M. Joyce, Kenneth L. Miller, Alex J. Bourelly, Securities and Exchange Commission, Washington, DC, for plaintiff.

Sam Peter Israel, Sam P. Israel, P.C., New York City, for defendants.

## ORDER

KRAM, District Judge.

In this action alleging violations of the federal securities laws, plaintiff Securities and Exchange Commission ("SEC") and third-party defendant Gruntal & Co. ("Gruntal") move, pursuant to 15 U.S.C. § 78u(g), to dismiss defendants Douglas G. McCaskey's ("McCaskey"), Neal D. Fitzpatrick's ("Fitzpatrick"), and Hope D. Trowbridge's ("Trowbridge") third-party complaint. The SEC also moves, pursuant to Section 78u(g), to dismiss McCaskey's, Fitzpatrick's and Trowbridge's counterclaim and pursuant to Federal Rule of Civil Procedure 12(f), to strike certain affirmative defenses. For the reasons set

forth below the motions to dismiss the third-party complaint and counterclaim are granted and the motion to strike certain affirmative defenses is granted in part and denied in part.

## BACKGROUND[1]

On September 1, 1998, the SEC filed a complaint alleging that from in or about September 1993, through December 1994, defendants [2] violated the anti-fraud, registration and filing provisions of the federal securities laws as part of a scheme to manipulate the common stock of Marcorp Inc. ("Marcorp").[3] The SEC seeks the following equitable relief: (1) permanent injunctions enjoining defendants from future securities laws violations; (2) disgorgement of illegal profits; and (3) orders enjoining each of the defendants from serving as officers of any public companies (collectively, the "equitable remedies"). The SEC also seeks civil penalties. In their answer, defendants assert, *inter alia,* the following affirmative defenses: (1) statute of limitations; (2) estoppel; and (3) laches. Defendants also assert a counterclaim against the SEC and have filed a third-party complaint against Gruntal and others.

## DISCUSSION

### I. Third Party Complaint and Counterclaim

■ The SEC and Gruntal argue that defendants' third-party complaint is expressly barred by 15 U.S.C. § 78u(g). Likewise, the SEC argues that Section 78u(g) also bars defendants' counterclaim. Section 78u(g) provides:

1. The facts as recited below are drawn from the complaint, unless otherwise indicated.

2. Consent judgments were executed against defendants John von der Leith III and Daniel F. Dugan on September 8, 1998. To date, defendant Robert A. Schatz has not entered an appearance in this action.

3. Specifically, the complaint alleges violations of 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a); 15

Notwithstanding the provisions of section 1407(a) of Title 28, or any other provision of law, no action for equitable relief instituted by the Commission pursuant to the securities laws shall be consolidated or coordinated with other actions not brought by the Commission, even though such other actions may involve common questions of fact, unless such consolidation is consented to by the Commission.

15 U.S.C. § 78u(g). The purpose of Section 78u(g) is to ensure speedy resolution of SEC enforcement actions, *see SEC v. Thrasher,* No. 92 Civ. 6987, 1995 WL 456402, at *2–*5 (S.D.N.Y. Aug. 2, 1995), and it has routinely been employed to dismiss third-party complaints, *id.,* and counterclaims, *see SEC v. Better Life Club of America, Inc.,* 995 F.Supp. 167, 179–80 (D.D.C.1998), because such additional claims protract litigation.

In this case, the SEC has brought an action seeking equitable relief and civil penalties and has not consented to consolidation of this action with defendants' third-party complaint or counterclaim. Accordingly, defendants' third-party complaint and counterclaim must be dismissed. The caption shall be amended to reflect the removal of third-party defendants, as well as the striking of the counterclaim against the SEC.[4]

### II. Affirmative Defenses

#### A. Standard of Law

■ Federal Rule of Civil Procedure 12(f) allows the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent

U.S.C. §§ 78j(b), 78 m(a), 78m(d), and 78p(a); 17 C.F.R. §§ 240.10b–5, 240.12–20, 240.13a–1, 240.13a–11, 240.13a–13, 240–13d–1 and 240.16a–3.

4. Because the Court finds that 15 U.S.C. § 78(u)g bars defendants' counterclaim, the SEC's remaining arguments for dismissal are not addressed.

or scandalous matter." Fed.R.Civ.P. 12(f); *China Trust Bank of New York v. Standard Chartered Bank, PLC,* No. 96 Civ. 9764, 1998 WL 574391, at *2 (S.D.N.Y. Sept.4, 1998). Motions to strike defenses are generally not favored. *See William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986). In order to prevail on a motion to strike, a plaintiff must show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense. *See id.* An increase in the time, expense and complexity of a trial may constitute sufficient prejudice to warrant granting a plaintiff's motion to strike. *See SEC v. Toomey,* 866 F.Supp. 719, 722 (S.D.N.Y.1992); *SEC v. Thrasher,* 1995 WL 456402, at * 5. However, in evaluating such motions, the Court construes the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made. *Bennett v. Spoor Behrins Campbell & Young, Inc.,* 124 F.R.D. 562, 564 (S.D.N.Y. 1989).

### B. Statute of Limitations Defense

■ No statute of limitations applies to the SEC's claims for equitable remedies, *see SEC v. Schiffer,* No. 97 Civ. 5853, 1998 WL 226101, at *2 (S.D.N.Y.1998); *SEC v. Lorin,* 869 F.Supp. 1117, 1120–23 (S.D.N.Y.1994), and thus, the defense fails as a matter of law and fact. The inclusion of the defense would increase the time, expense and complexity of this litigation and thus, the statute of limitations defense asserted in response to the SEC's claims for equitable remedies is stricken.

The parties agree that the five year statute of limitations embodied in 28 U.S.C. § 2462 applies to the civil penalty claims. The SEC filed this action on September 1, 1998. Therefore, only civil penalty claims based on conduct which is alleged to have occurred on or after September 1, 1993 are timely. Review of the complaint reveals that all SEC civil penalty claims appear to be have been brought within the statute of limitations. *See* Complaint, at ¶¶ 25, 127–28. However, given the fact that discovery has not yet commenced so as to confirm or refute these alleged dates, striking the statute of limitations defense at this stage would be premature. Accordingly, the SEC's motion to strike defendants' statute of limitations defense to the SEC's civil penalties claims is denied.

### C. Estoppel Defense

■ To succeed on a defense of equitable estoppel asserted against a private plaintiff, a defendant must prove (1) that the plaintiff made a material misrepresentation, (2) upon which the defendant relied, (3) to his detriment. *See General Elec. Capital Corp. v. Armadora, S.A.,* 37 F.3d 41, 45 (2d Cir.1994). However, a defendant's burden is greater where he seeks to assert the defense against the government. *See Office of Personnel Management v. Richmond,* 496 U.S. 414, 419, 110 S.Ct. 2465, 2469, 110 L.Ed.2d 387 (1990). To be successful, the defendant must prove that the government's conduct was egregious and that the resulting prejudice to the defendant was of a constitutional magnitude. *See SEC v. Elecs. Warehouse, Inc.* 689 F.Supp. 53, 73 (D.Conn.1988), *aff'd sub nom., SEC v. Calvo,* 891 F.2d 457 (2d Cir.1989), *cert. denied,* 496 U.S. 942, 110 S.Ct. 3228, 110 L.Ed.2d 674 (1990).

■ Here, the defendants have offered nothing to suggest they detrimentally relied on any misrepresentation by the SEC, let alone that such reliance resulted in prejudice to their case of a constitutional magnitude. Thus, the defense has no basis in fact. Likewise, there is no question of law which might allow defendants' estoppel defense to succeed. Moreover, allowing the defense to remain would prejudice the SEC by needlessly lengthening

and complicating the discovery process and trial of this matter. Therefore, defendants' equitable estoppel defense is stricken.

### D. Laches Defense

 Laches is an equitable doctrine, concerned principally with the fairness of permitting a claim to be enforced. *See Holmberg v. Armbrecht*, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). To succeed with a defense of laches, the Court must find that the plaintiff delayed unreasonably and inexcusably in commencing the action and that the defendant suffered prejudice as a result. *See Lottie Joplin Thomas Trust v. Crown Publishers, Inc.*, 592 F.2d 651, 655 (2d Cir.1978).

 "The settled precedent in this circuit holds that laches is not an available defense in an SEC enforcement action seeking injunctive relief." *SEC v. Sarivola*, No. 95 Civ. 9270, 1996 WL 304371, at *1 (S.D.N.Y. June 6, 1996). However, even if permitted to be asserted against the SEC, the utter lack of support for the defense in this case would require that it be struck. Because all SEC claims for civil penalties appear to have been brought within the statute of limitations, the Court presumes that this action was commenced without unreasonable delay. However, even assuming unreasonable delay, defendants' laches defense nevertheless must fail because defendants do not allege that they have suffered any prejudice as a result of the SEC's decision to commence this action when it did. Moreover, inclusion of this defense would prejudice the SEC by needlessly lengthening and complicating the discovery process and trial of this matter. Accordingly, the laches defense is stricken.

### CONCLUSION

For the reasons set forth above, the SEC's and Gruntals' motions to dismiss the third-party complaint and the SEC's motion to dismiss the counterclaim are granted. The SEC's motion to strike de-fendants' affirmative defenses of estoppel, laches is granted. The SEC's motion to strike defendants' statute of limitations defense is granted as to the SEC's equitable claims but denied as to the SEC's claims for civil penalties. The caption is amended to reflect the dismissal of the third-party complaint and counterclaim. On May 26, 1999, the parties shall appear in Room 906, 40 Centre Street, New York, New York at 2:00 p.m. for a case conference.

SO ORDERED.