**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

v.

**BAY RIDGE TOYOTA,
INC. Defendant.**

No. 03–CV–5765(ILG).

United States District Court,
E.D. New York.

July 15, 2004.

Lauren G. Dreilinger, United States Equal Employment Opportunity Commission, New York City, Elizabeth Anne Grossman, E.E.O.C., New York City, for U.S. E.E.O.C.

Brian J. Carey, McElroy, Deutsch & Mulvaney, LLP, New York City, for Bay Ridge Toyota, Inc.

### MEMORANDUM & ORDER

GLASSER, District Judge.

This motion to strike several of defendant's affirmative defenses arises out of a lawsuit brought by the United States Equal Employment Opportunity Commission ("EEOC," "the Commission," or "plaintiff"), against Bay Ridge Toyota, Inc. ("Bay Ridge Toyota" or "defendant"), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1) ("Title VII"). For the reasons that follow, plaintiff's motion is granted.

### BACKGROUND

In 2000, Maria Andujar ("Andujar"), a former employee of Bay Ridge Toyota, filed a charge of discrimination with EEOC against defendant, alleging sexual harassment by one of defendant's managers. (Pl. Mem. Ex. 2, Complaint ¶ 7.) After an investigation, EEOC determined that there was reasonable cause to find that Andujar had been sexually harassed. (*Id.*) In January 2001, EEOC, Andujar, and defendant entered into a pre-litigation Conciliation Agreement ("Conciliation Agreement") that resolved the charge of discrimination. (*See* Pl. Mem. Ex. 1, Conciliation Agreement.) The Conciliation Agreement is captioned "In the Matter of EEOC and Charging Party: Maria Andujar ... [and] Respondent: Bay Ridge Toyota." (*Id.* at 1.) Pursuant to the Conciliation Agreement, defendant agreed to, *inter alia,* cease discrimination and retaliation in violation of Title VII, train employees and management on federal laws prohibiting discrimination, and provide EEOC with proof of the training. (*Id.* ¶¶ 3, 5, 6, 7, 8, 9.) By entering into the Conciliation Agreement, defendant did not "admit any wrongdoing or violation of law

in regard to the claims raised by Charging Parties." (*Id.* ¶ 2.) Although the Conciliation Agreement states that its terms "shall not be made public by [EEOC], its officers or employees," (*Id.* ¶ 20), it explicitly provides that it "may be specially enforced in court and may be used as evidence in a later proceeding in which any of the parties allege a breach of this Agreement" (*Id.* ¶ 21).

On April 16, 2002, Gladys Evdaev ("Evdaev"), another former employee of Bay Ridge Toyota, filed a charge with EEOC against defendant, alleging sexual harassment and retaliation by the same manager named in Andujar's charge. (Compl.¶ 8.) EEOC determined that there was reasonable cause to find that defendant had sexually harassed Evdaev and that defendant had failed to comply with the terms of the Andujar Conciliation Agreement. (*Id.*) EEOC attempted conciliation on the Evdaev charge, which defendant declined. (*Id.*) In 2003, defendant and Evdaev entered into a private settlement of her charge. (*See* Carey Affirm. Ex. A.)

On November 14, 2003, EEOC filed this lawsuit against defendant, alleging that, based on the Evdaev charge, defendant had breached the terms of the Andujar Conciliation Agreement. (*See* Compl.) The complaint seeks permanent injunctive relief compelling defendant to correct unlawful employment actions that violate Title VII (*Id.* at A–B.), and to order defendants to institute policies providing equal employment opportunities for women. (*Id.* at C–D.) The complaint further asks the Court to compel defendant's specific performance of the Andujar Conciliation Agreement.

Defendant's Answer contains a number of affirmative defenses and counterclaims, including the following: EEOC lacks standing and statutory authority to enforce

the Conciliation Agreement; this case does not arise under Title VII; this Court does not have subject matter jurisdiction; plaintiff is barred by the doctrine of unclean hands; and EEOC has no authority to bring this lawsuit based on the Evdaev charge of discrimination because she and defendant entered into a private settlement. (*See* Pl. Mem. Ex. 3, Answer.) Plaintiff has now moved this Court to strike as legally insufficient paragraph one of defendant's Answer and the first, second, third, fifth, sixth, ninth, thirteenth, fifteenth, eighteenth, and nineteenth separate defenses.

## DISCUSSION

### I. *Legal Standard*

 Federal Rule of Civil Procedure 12(f) allows the court upon a proper motion or its own initiative to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In particular, "a defense should be struck when it is clearly irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense." *SEC v. Electronics Warehouse, Inc.*, 689 F.Supp. 53, 73 (D.Conn. 1988), *aff'd*, 891 F.2d 457 (2d Cir.1989), *cert. denied*, 496 U.S. 942, 110 S.Ct. 3228, 110 L.Ed.2d 674 (1990) (citations omitted). Resolution of a Rule 12(f) motion is left to the district court's discretion. *Fiore v. McDonald's Corp.*, 1996 WL 331090, at *12 (E.D.N.Y. June 12, 1996) (Glasser, J.). The Second Circuit, however, has warned that courts should exercise this discretion with caution:

> A motion to strike an affirmative defense under Rule 12(f), Fed.R.Civ.P. for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the de-

fense. Moreover, even when the facts are not disputed, several courts have noted that a motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when, as here, there has been no significant discovery. *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir.1984), *vacated on other grounds*, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986) (district court erred in striking affirmative defenses where further facts were needed to resolve the issue in the case); *Lennon v. Seaman*, 63 F.Supp.2d 428, 446 (S.D.N.Y.1999) (motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation").

 "The general policy is that the pleadings should be treated liberally, and that a party should have the opportunity to support his contentions at trial." *Bennett v. Spoor Behrins Campbell & Young, Inc.*, 124 F.R.D. 562, 563 (S.D.N.Y.1989). Therefore, in order to prevail on a motion to strike a defense for legal insufficiency, a plaintiff must show that (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense. *SEC v. McCaskey*, 56 F.Supp.2d 323, 326 (S.D.N.Y.1999).

### II. *Subject Matter Jurisdiction over Enforcement of EEOC Title VII Conciliation Agreement*

 Because a motion to strike a defense pursuant to Fed.R.Civ.P. 12(f) requires the Court to determine whether there are any disputed questions of law or fact that would allow the defense to suc-

ceed, it is necessary to examine the statutory framework governing Title VII conciliation agreements. As explained by the court in *Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503, 1509 (11th Cir.1985):

> Typically, an employee who believes he has been discriminated against by his employer and wants to do something about it must file charges with the EEOC. When a charge against an employer is filed, the Commission is required to ... investigate the charge.... If the EEOC determines there is reasonable cause, it must initially attempt to eliminate the alleged unlawful employment practice through conciliation and persuasion. 42 U.S.C. §§ 2000e–5(b). Should the EEOC not secure an acceptable conciliation agreement from the employer within thirty days after the charge is filed, it may bring a Title VII action against the employer in a United States District Court. *Id.* § 2000e–5(f)(1).

In the case of Maria Andujar, EEOC was successful in securing a conciliation agreement (*see* Pl. Mem. Ex. 1, Conciliation Agreement), a "voluntary contract[ ] containing terms upon which the employer, the employee, and the EEOC agree." *EEOC v. Liberty Trucking Co.,* 695 F.2d 1038, 1041 (7th Cir.1982) (canvassing the 1972 amendments to Title VII). When parties enter into a conciliation agreement, "in return for the employers' promises, both the EEOC and the employees waive their rights to sue with respect to the matters alleged in the EEOC charge." *Id.* at 1042.

■ Defendant argues that an action to enforce the Conciliation Agreement does not arise under Title VII and therefore this Court does not have subject matter jurisdiction.[1] However, it is settled law that if parties enter into a Title VII conciliation agreement an action to enforce the agreement arises under Title VII:

> Nearly every court that has considered whether enforcement of a settlement agreement entered into to resolve a charge of employment discrimination that has been filed with the EEOC is within the subject matter jurisdiction of the federal courts has concluded that such an action is brought directly under Title VII and that consequently the federal courts have jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3) (§ 706(f)(3) of Title VII).

*De La Cruz v. McEntee,* 2002 WL 122936, at *3 (S.D.N.Y. Jan.29, 2002) (applying Title VII case law to Americans with Disabilities Act ("ADA")); *Eatmon,* 769 F.2d at 1503; *EEOC v. Safeway Stores, Inc.,* 714 F.2d 567, 572 (5th Cir.1983), *cert. denied,* 467 U.S. 1204, 104 S.Ct. 2384, 81 L.Ed.2d 343 (1984) (in view of federal policy encouraging conciliation, "it would be at war with the statutory scheme to conclude that Congress did not intend to permit enforcement of these voluntary agreements in federal courts"); *Liberty Trucking Co.,* 695 F.2d at 1038; *Snider v. Circle K Corp.,* 923 F.2d 1404, 1407–08 (10th Cir.1991).

■ Here, EEOC's suit to enforce the Andujar Conciliation Agreement is brought directly under Title VII and, therefore, this Court has subject matter

---

1. The first paragraph of defendant's Answer states that defendant "denies that this Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 2000e–5(f)(1)." Defendant's Answer contains the following affirmative defenses: "The Court lacks subject matter jurisdiction over one, more, or all the claims in the Complaint" (first separate defense); "This is not a suit to cure alleged unlawful employment practices, since substantially all the relief sought is outside the scope of the Act" (fifth separate defense); "Some or all of the claims made are not brought 'under' Title VII" (fifteenth separate defense).

jurisdiction. *See Evans v. Waldorf–Astoria Corp.*, 827 F.Supp. 911, 914 n. 1 (E.D.N.Y.1993), *aff'd*, 33 F.3d 49 (2d Cir. 1994) ("United States District Courts have jurisdiction to enforce the voluntary settlement of Title VII claims"); *Montalvo v. U.S. Postal Serv.*, 887 F.Supp. 63, 65 (E.D.N.Y.1995), *aff'd*, 1996 WL 935448, at *1 (2d Cir. Apr 19, 1996) ("Courts directly considering the nature of a cause of action for the enforcement of an EEOC agreement have concluded that district court jurisdiction is derived from Title VII"); *Vazquez v. Salomon Smith Barney Inc.*, 2003 WL 21242902, at *2 (S.D.N.Y. May 29, 2003) ("It is well settled ... that an action to enforce a settlement agreement entered into to resolve a charge of employment discrimination that has been filed with the EEOC is brought directly under Title VII").

■ Defendant nevertheless argues that EEOC was not a party to the Andujar Conciliation Agreement and thus does not have standing or authority to bring this suit.[2] Once again, settled law and legislative history belie defendant's claim. "Encouraging voluntary compliance with Title VII is among the [EEOC's] most essential functions." *EEOC v. Henry Beck Co.*, 729 F.2d 301, 303–04 (4th Cir.1984) (suit brought to enforce a pre-determination settlement agreement is one brought directly under Title VII). Furthermore, an examination of the Andujar Conciliation Agreement demonstrates that EEOC was in fact a party to the agreement: it was captioned, "In the Matter of EEOC and Charging Party: Maria Andujar ... [and] Respondent: Bay Ridge Toyota," was printed on EEOC letterhead, and was signed by the District Director of EEOC. (Conciliation Agreement at 1, 3.) Finally, to hold that EEOC lacks the authority to enforce the Andujar Conciliation Agreement would run contrary to Congressional intent, as expressed by the Fifth Circuit:

> If agreements between an employer or union and the Commission voluntarily to comply with measures to eliminate discrimination in employment could be abrogated with impunity, there would be no rational reason for the EEOC to enter into such agreements. The Commission would have no guarantee that its bargained-for concessions would result in *solutions* to the alleged discriminatory practices. Rather, the EEOC would be in a position where it was compelled, by statute, to engage in the process of "conference, conciliation and persuasion" where that process would likely delay resolution of its claim and actually prejudice the aggrieved employees the agency represents.

*Safeway Stores, Inc.*, 714 F.2d at 574.

■ Defendant further argues that EEOC has unclean hands because it published the Conciliation Agreement in this lawsuit.[3] This defense is fatally flawed in two respects: first, "[t]he defenses of unclean hands and inequitable conduct apply only where there is a direct nexus between the misconduct and the right which is the basis of the suit." *Electronics Warehouse, Inc.*, 689 F.Supp. at 73 (citing

2. Defendant's Answer contains the following affirmative defenses: "The EEOC does not have standing to bring this action" (second separate defense); "The EEOC has no statutory authority to bring these claims" (third separate defense); "The EEOC is not a party to the Agreement and, therefore, has no standing to sue for its enforcement" (thirteenth separate defense).

3. Defendant's Answer contains the following affirmative defenses: "The Plaintiff is not entitled to any equitable relief because it has unclean hands inasmuch as it is by virtue of making the terms of the Agreement public, in violation of that Agreement" (sixth separate defense); "Plaintiff is barred by virtue of the doctrine of unclean hands" (nineteenth separate defense).

*Warner Bros. v. Gay Toys, Inc.*, 724 F.2d 327, 334 (2d Cir.1983)). "Conduct which occurs during the litigation of the lawsuit, rather than during the accrual of the action, cannot form the basis of an equitable defense." *Id.* Here, there is no nexus between EEOC's publication of the Conciliation Agreement in its complaint and EEOC's allegations against defendant. Moreover, the Conciliation Agreement expressly states that it "may be specially enforced in court and may be used as evidence in a later proceeding in which any of the parties allege a breach." (Conciliation Agreement ¶ 21.) As such, the defense of unclean hands based on EEOC's publication of the Conciliation Agreement cannot succeed.

### III. *EEOC's Authority to bring a cause of action based on the Evdaev charge*

▆ Defendant argues that because it privately settled the Evdaev charge, EEOC has no standing or statutory authority to bring a cause of action based on the discrimination alleged by her.[4] Defendant cites *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002), in which the Supreme Court held that an arbitration agreement between an aggrieved employee and his employer did not bar EEOC from pursuing *victim-specific relief* on behalf of the employee who sued pursuant to the ADA. There, the Court stated that, "[i]t is an open question whether a settlement or arbitration judgment would affect the validity of EEOC's claim or the character of relief the EEOC may seek." *Id.* at 297, 122 S.Ct. 754.

*Waffle House*, however, dealt with EEOC's attempt to obtain victim-specific relief, which is not the case here.

▆ EEOC maintains a right of action independent of the charging party. *See Gen. Tel. Co. v. EEOC*, 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980) (Title VII's authorization of "private-action rights suggest that the EEOC is not merely a proxy for the victims of discrimination"). By amending Title VII to allow EEOC to bring civil actions in federal court against private employers suspected of violating Title VII "Congress sought to implement the public interest as well as to bring about more effective enforcement of private rights." *Id.* at 325–26, 100 S.Ct. 1698. This is so even where the employee has entered into a private settlement with the defendant in which her right to sue was limited because "[b]y seeking injunctive relief the EEOC promotes public policy and seeks to vindicate rights belonging to the United States as sovereign." *EEOC v. Goodyear Aerospace Corp.*, 813 F.2d 1539, 1543 (9th Cir.1987); *see also EEOC v. Morgan Stanley & Co., Inc.* 132 F.Supp.2d 146, 152–53 (S.D.N.Y.2000) ("if the EEOC were foreclosed from pursuing investigations whenever the charging party whose charge occasioned the inquiry wished to settle with his or her employer, employers would be able to forestall investigations ... by 'buying off' any victim who had the temerity to complain").

Rather than victim-specific relief on behalf of Evdaev, EEOC's complaint seeks only injunctive relief. Settled law plainly

---

**4.** Defendant's Answer contains the following affirmative defenses: "The EEOC does not have standing to bring this action" (second separate defense); "The EEOC has no statutory authority to bring these claims" (third separate defense); "Bay Ridge has settled all claims with Ms. Evdaev who executed a final and binding release. The EEOC has no authority thereafter to rely upon, to any degree

or extent, or process the Evdaev charge" (ninth separate defense); "The EEOC is not a party to the Agreement and, therefore, has no standing to sue for its enforcement" (thirteenth separate defense); "Any and all references to any claims by Ms. Evdaev are barred by virtue of the doctrines of accord, satisfaction, waiver and release" (eighteenth separate defense).

demonstrates that EEOC's unique role in vindicating the public interest makes this type of suit for injunctive relief acceptable, even where the employee has entered into a settlement with the employer. *See EEOC v. Kidder, Peabody & Co., Inc.*, 156 F.3d 298 (2d Cir.1998) (EEOC may seek injunctive relief in federal court for employees even when those employees have entered into binding arbitration agreements); *EEOC v. McLean Trucking Co.*, 525 F.2d 1007, 1010 (6th Cir.1975) (employee's acceptance of arbitration award and settlement does not preclude EEOC's right to bring an action in the public interest to eliminate discriminatory practices); *Goodyear*, 813 F.2d at 1539; *EEOC v. United Parcel Serv.*, 860 F.2d 372 (10th Cir.1988) (plaintiff's settlement of case with employer does not moot EEOC action because EEOC intends to vindicate the public interest in preventing employment discrimination); *EEOC v. Am. Express Co.*, 1977 WL 804, at *2 (S.D.N.Y. Jan.10, 1977) (while settlement between employee and defendant would preclude any further recovery on his behalf by EEOC, it does not bar an EEOC suit based upon the employee's discrimination charge).

## CONCLUSION

There is no question of law or fact that would allow defendant to succeed in proving that EEOC lacks standing or statutory authority to bring this suit, that this Court lacks subject matter jurisdiction over the suit, or that EEOC is barred from bringing suit based on the doctrine of unclean hands. To permit these defenses to remain would prejudice EEOC "by needlessly lengthening and complicating the discovery process and trial of this matter." *McCaskey*, 56 F.Supp.2d at 326–27. Therefore, the first paragraph of defendant's Answer, as well as the first, second, third, fifth, sixth, ninth, thirteenth fif-

teenth, eighteenth, and nineteenth separate defenses shall be stricken.

SO ORDERED.