**MERCHANTS COMMERCIAL BANK, Plaintiff**

**v.**

**ERIC TILLET, KELLIE FALK-TILLETT, DAVID C. TOBIN, DAWN TOBIN, MARK O. KOPELMAN and ST. JOHN EQUITY PARTNERS, LLC., Defendants**

Civil No. ST-10-CV-364

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

April 20, 2011

A. JENNINGS STONE, ESQ., BoltNagi PC, St. Thomas, USVI, *For Plaintiff Merchant Commercial Bank.*

W. MARK WILCZYNSKI, ESQ., Law Office of W. Mark Wilczynski, St. Thomas, USVI, *For Defendants Eric Tillet, Kellie Falk-Tillet, St. John Equity Partners, LLC, David C. Tobin and Dawn Tobin.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(April 20, 2011)

Plaintiff Merchants Commercial Bank has filed a Motion to Strike Certain Affirmative Defenses ("Motion to Strike").[1] Because Merchants Commercial Bank has not satisfied its burden of proving that the defenses are immaterial or insufficient and that it will be prejudiced if the defenses remain, the Court will deny the Motion to Strike. Based on caselaw and Rule 8 of the Federal Rules of Civil Procedure, this Court finds that Defendants' defenses are sufficient and the Court declines to extend *Bell Atlantic Corp. v. Twombly*[2] and *Ashcroft v. Iqbal*[3] to affirmative defenses.

## DISCUSSION

### I. STANDARD FOR MOTION TO STRIKE

██ In the Motion to Strike, Merchants Commercial Bank asks this Court to strike a number of Defendants' defenses set forth in their Answer. Thirteen of the defenses are required, by Rule 8(c)[4] to be affirmatively pleaded and nine are additional general defenses. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.[5] However, "[m]ere redundancy, immateriality, impertinence or scandalousness is not sufficient to justify striking an allegation."[6] Generally, "[b]ecause of the

---

[1] Plaintiff Merchants Commercial Bank is represented by A. Jennings Stone, Esq., of BoltNagi PC. W. Mark Wilczynski, Esq., of the Law Office of W. Mark Wilczynski, represents Defendants Dawn Tobin, David C. Tobin, Mark O. Kopelman, Eric C. Tillett, Kellie Falk-Tillett and St. John Equity Partners, LLC.

[2] 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

[3] 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

[4] FED. R. CIV. P. 8(c).

[5] FED. R. CIV. P. 12(f).

[6] *Flanagan v. Wyndham Int'l, Inc.*, No. Civ. 2002/237-M/R, 2003 U.S. Dist. LEXIS 24211, at *4 (D.V.I. Apr. 21, 2003).

drastic nature of the remedy . . . motions to strike are viewed with disfavor and will generally be denied unless the [claims or defenses] have no possible relation to the controversy and may cause prejudice to one of the parties."[7]

 Rule 8 of the Federal Rules of Civil Procedure entitles a pleader to allege defenses alternatively, hypothetically, and inconsistently[8] Moreover, Rule 8 "recognizes that a person may not be sure in advance upon which legal theory she will succeed, and so [Rule 8] permit[s] parties to 'set forth two or more statements of a claim or defense alternatively or hypothetically,' and to 'state as many separate claims or defenses as the party has regardless of consistency' ".[9] Thus, the Court finds that Rule 8 protects the Defendants' right to plead inconsistent defenses. The mere fact that the defenses are inconsistent, then, does not require that the Court strike the defenses as having no possible relation to the controversy.

 Turning to the question of possible prejudice to the Plaintiff, Merchants Commercial Bank states that it will be prejudiced if the affirmative defenses remain because Defendants will drive up the costs for Merchants Bank to investigate and inquire into each one of the affirmative defenses. The Court acknowledges that prejudice exists when a contested claim or defense would confuse the issues or inject the possibility of unnecessarily extensive and burdensome discovery, improperly increase the time, expense, and complexity of the trial or otherwise unduly burden the moving party.[10] Although Merchants Commercial Bank may incur additional expense in discovery, the Court

---

[7] *Benjamin v. Esso Standard Oil Co.*, No. 1:08-cv-101, 2009 U.S. Dist. LEXIS 48677, at *2 (D.V.I. June 4, 2009) (internal quotations omitted); *see also Hobson v. Gov't of the Virgin Islands*, 20 V.I. 413, 418 (V.I. Terr. Ct. 1984) (stating that motions to strike are "highly disfavored and in frequently granted.").

[8] FED. R. CIV. P. 8(d)(2)-(d)(3). *See also Gov't Guarantee Fund v. Hyatt Corp.*, 166 F.R.D. 321, 34 V.I. 257, 262 (D.V.I. 1996) (stating that Rule 12(f) of the Federal Rules of Civil Procedure, which allows courts to strike from any pleading any insufficient defense or any redundant, immaterial, impertinence, or scandalous matter, must be read in conjunction with Rule 8 of the Federal Rules of Civil Procedure allowing for pleading of inconsistent and conflicting theories of recovery).

[9] *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 805, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) (internal quotations omitted).

[10] *See, e.g., EEOC v. Bay Ridge Toyota, Inc.*, 327 F. Supp. 2d 167 (E.D.N.Y. 2004) (allowing defenses to remain would be prejudicial because it would needlessly lengthen and complicate

does not find that this increase would be unduly burdensome[11] Thus, Merchants Commercial Bank has not satisfied its burden of proving that the defenses are immaterial or insufficient and that it will be prejudiced if the defenses remain. Lastly, the grant or denial of motions to strike is within the Court's sound discretion.[12] Considering all factors, this Court will deny the Motion to Strike.

## II. SUFFICIENCY OF AFFIRMATIVE DEFENSES

Although the Court will deny the Motion to Strike, the Court will address an additional issue raised by Merchants Commercial Bank. Merchants Commercial Bank asks this Court to apply the standard for pleading a claim under Rule 8(a) set out by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*[13] and *Ashcroft v. Iqbal*[14, 15] to Defendants' affirmative defenses to find that the affirmative defenses are insufficiently pled. Defendants oppose the Motion to Strike Certain Affirmative Defenses and ask this Court to follow the District Court of the Virgin Islands decision in *Charleswell v. Chase Manhattan Bank*,[16] and other cases[17] which hold that the pleading requirements set forth in *Twombly* and *Iqbal*[18] do not extend to affirmative defenses.

In *Twombly*, the Supreme Court of the United States held that the pleading standard in Rule 8 of the Federal Rules of Civil Procedure requires a complaint to "state a claim to relief that is plausible on its

---

discovery and trial); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003).

[11] The Court notes that Plaintiff may initiate discovery regarding the affirmative defenses through an interrogatory, and if Defendants are unable to assert facts to support the affirmative defenses because the defenses are inconsistent to the cause of action, as Plaintiff alleges, discovery of the defenses will cease at the interrogatory stage.

[12] *Gov't Guarantee Fund*, 34 V.I. a 262.

[13] 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929.

[14] 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

[15] The Superior Court of the Virgin Islands has interpreted and applied this pleading requirement to claims set out in tile complaint. *See Jones v. LS Holding*, 53 V.I. 48, 52 (V.I. Super. 2010).

[16] Civil Action No. 01-119, 2009 U.S. Dist. LEXIS 116358, at *12 (D.V.I. Dec. 8, 2009).

[17] *See, e.g., Romantine v. CH2M Hill Eng'rs, Inc.*, No. 09-973, 2009 U.S. Dist. LEXIS 98699, at *4 (W.D. Pa. Oct. 23, 2009).

[18] 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

face."[19] Moreover, the Court in *Iqbal* interpreted *Twombly* and Rule 8 and held that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' — 'that the pleader is entitled to relief.' "[20]

Whether the pleading requirements of *Twombly* and *Iqbal* extend to affirmative defenses is a matter of first impression for the Virgin Islands Superior Court. The Court notes that the Third Circuit Court of Appeals has not yet ruled on this question. Although the District Court of the Virgin Islands decided this question in *Charleswell*, this Court is not bound by that decision. After review of the jurisprudential divide regarding the extension of *Twombly* and *Iqbal* to affirmative defenses, the Court finds *Charleswell* persuasive and will apply its holding.

■ Rule 8(a)(2) governs claims for relief typically contained in a complaint and specifically, the Supreme Court in *Twombly* interpreted the "short and plain statement of the claim"[21] language of Rule 8(a)(2). No such language, however, is contained in Rule 8(c) which governs affirmative defenses. In addition, Rule 8(c) only requires Defendants to affirmatively state the enumerated defenses and does not require that a defendant make any factual allegations. The Court, therefore, finds that the pleading requirements of *Twombly* and *Iqbal* do not extend to Defendants' affirmative defenses. Defendants' affirmative defenses are sufficient under Rule 8 and provide notice to Merchants Commercial Bank.

## CONCLUSION

Since Merchants Commercial Bank has not satisfied its burden of proving that the defenses are immaterial or insufficient and that it will be prejudiced if the defenses remain, the Court will deny the Motion to Strike. In addition, based on caselaw and Rule 8 of the Federal Rules of Civil Procedure, this Court finds that Defendants' defenses are sufficient and declines to extend *Twombly* and *Iqbal* to affirmative defenses.

---

[19] 550 U.S. at 570.

[20] 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

[21] FED. R. CIV. P. 8(a)(2).